[Civ. No. 8305. Second Appellate District, Division One.—March 20, 1934.]

MATTIENE BRAGG McKEE, Respondent, v. MRS. JOHN M. EDGAR et al., Appellants.

[Civ. No. 8672. Second Appellate District, Division One.—March 20, 1934.]

LEONE FOREMAN, Appellant, v. MRS. JOHN M. EDGAR et al., Respondents.

Denio, Hart, Taubman & Simpson for Respondent in Civ. No. 8305 and for Appellant in Civ. No. 8672.

Everett W. Mattoon, County Counsel, and Ernest Purdum, Deputy County Counsel, for Appellants in Civ. No. 8305 and for Respondents in Civ. No. 8672.

CONREY, P. J.—Pursuant to stipulation between counsel for the respective parties these appeals have been presented by a single set of briefs, and are to be treated as if consolidated; the entire records and evidence to be considered by the court as being properly in the record and before the court in each case.

In each of these proceedings the defendants constitute the membership of the Board of Education which governs the school department of the city of Long Beach, which department is in the city charter described as the "Long Beach City School District". Each proceeding was brought by a school teacher claiming permanent tenure. The plaintiff in the first proceeding, Mrs. McKee, had served four years as an elementary teacher in the Long Beach School District and immediately thereafter one year as a junior high school teacher in the Long Beach City High School District; the plaintiff in the second proceeding, Mrs. Foreman, two years in the elementary school, and immediately thereafter two years as a teacher in the junior high school. At the end of these respective periods of service each teacher was dismissed by defendant Board of Education; notice of dismissal being given in the manner required by statute for dismissal of

probationary teachers. Thereupon they instituted these proceedings separately, each one applying for a writ of mandate. Petitioner McKee asks that by said writ the defendants be directed to reinstate her as an elementary teacher in the Long Beach School District; petitioner Foreman asks that by said writ defendants be directed to reinstate her as a junior high school teacher. In the McKee case the application for the writ was granted, in the Foreman case the application was denied. From the judgments thus rendered these appeals are prosecuted.

As stated by the county counsel: "It is the contention of the Board of Education that the two petitioners were probationary teachers, and the board had power to dismiss them as such. It is conceded by the board that if the petitioners had the status of permanent teachers the attempted dismissal would be ineffective. The question turns upon the existence of the Long Beach City School District and the Long Beach City High School District as separate and distinct legal entities, and the effect of service therein." The county counsel states that the question involved in the appeal is: "Does a teacher who leaves the service of a city elementary school district to enter the employ of a city high school district, governed by the same board of education, thereby lose any permanent tenure rights he may have against the elementary district?"

The School Code (sec. 5.500 et seq.) provides for classification of persons employed by school districts in positions requiring certification qualifications. This includes school teachers. The classification includes permanent employees, probationary employees and substitute employees. (See Deering's Gen. Laws, 1931 ed., p. 4179, Act 7519.)

In the case of Mrs. McKee, the contention on her behalf is that she did not lose her status as permanent teacher "by accepting promotion as a junior high school teacher in said City of Long Beach where the elementary and the junior high schools so taught by petitioner are both under the jurisdiction of the same Board of Education". In the case of Mrs. Foreman, the contention in her behalf is that by virtue of her two years of service in the elementary school, immediately followed by two years in the junior high school, she had acquired the right to classification as a permanent teacher.

■ The right of a public school teacher in this state to classification as a permanent employee is derived from a statute and is limited by the terms of the statute. One limitation is, that the classification refers solely to the employing school district, and the status of the teacher as an employee of that district. (School Code, sec. 5.500 et seq.; Stats. 1931, p. 1394.) A permanent employee may not be dismissed except for cause and after hearing upon charges made, as provided by statute. This protection against arbitrary dismissal is the distinguishing feature of the so-called "permanent tenure".

It is admitted that the petitioners in these present cases were lawfully dismissed unless they had acquired the right to classification as permanent employees of the district. But at this point they are confronted with an awkward question: "What district?" Not the Long Beach School District which maintains and operates the elementary schools in Long Beach; for Mrs. McKee, by becoming an employee of the "High School District", had voluntarily ceased to be an employee of the "School District"; and Mrs. Foreman never was a permanent employee of the "School District". Again, "What district?" Not the High School District; for neither of the petitioners had been employed therein long enough for "permanent" classification. In order to justify any conclusion that these petitioners have any right to classification as permanent teachers, two things would have to be done. First, these two school districts would have to be regarded as having been united into one district. Second, the successive periods of service of petitioners in the two districts would have to be combined into one continuous period of service. On behalf of petitioners, it is sought to find authority for such right, in the provisions of the city charter. The sections relied upon are numbered 114, 115 and 116. (Stats. 1921, pp. 2094, 2095.) We have read those sections, considering them in connection with the provisions of the state Constitution (art. IX, sec. 5 and sec. 6), relating to a public school system, and also in connection with the statutes providing for the incorporation and organization of school districts and of high school districts.

■ The existence and organization of common schools is so different from the existence and organization of high schools in their origin and history and in the resulting legis-

lation, that for various reasons of convenience or necessity, the state law contemplates the existence of high school districts as entities separate and distinct from elementary or common school districts. ■ The charter provisions to which we have referred must be read in the light of the Constitution and general laws. So considered, they recognize the separate existence of the two districts, but, treating them as a part of the municipal life, place them under the control of a board of education authorized to care for the administration of the schools in both of the districts. The School Code (sec. 2.1040) directly provides for this method of government. Prior to the School Code the same provision was contained in section 1726 of the Political Code. This convenient agency of government of public schools in cities is contemplated by the law of the state, but there has never been any evidence of legislative intention that this identity of control of the districts should modify or change their status as separate legal entities. They are as completely separate and distinct "as though the two were in separate cities and governed by separate boards". (*Gould* v. *Santa Ana High School District,* 131 Cal. App. 345, 348 [21 Pac. (2d) 623, 624].) In the case here cited, the city was a city of the fifth class; and governed the two school districts by virtue of the state laws, School Code, section 2.1040, and Statutes of 1883, page 93, section 795, as amended. ■ In view of the law as thus ascertained, we are of the opinion that the separate existence of the two school districts remains unaffected by the charter. It follows, that the petitioners were not "permanent" employees, and that they are not entitled to the demanded writs.

The judgment granting the application of the petitioner McKee for a writ of mandate is reversed. The judgment denying the application of the petitioner Foreman for a writ of mandate is affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 16, 1934, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 17, 1934.