[Civ. No. 9348. Second Appellate District, Division Two.—April 3, 1934.]

ETTA L. MONTGOMERY, Appellant, v. BOARD OF EDUCATION OF LOS ANGELES CITY et al., Respondents.

George J. Shaffer for Appellant.

Everett W. Mattoon, County Counsel, and E. R. Purdum, Deputy County Counsel, for Respondents.

ARCHBALD, J., *pro tem.*—Appeal by plaintiff from a judgment quashing an alternative writ of mandate issued upon her petition and denying her prayer for a permanent writ.

The case was presented to the trial court on stipulated facts, which show that plaintiff held certificates entitling her to teach in the Los Angeles City High School District, and she was elected by the defendant Board of Education to teaching service in said district and was so assigned February 7, 1916, continuing to teach therein until January 22, 1921, when a temporary leave of absence was given, evidently at her request. September 21, 1921, she was again elected and assigned as a teacher in said district and continued so to act until October 15, 1923, at which time she resigned on account of ill health. February 6, 1924, appel-

lant was once more elected and assigned to teaching service in said district, this time as a substitute teacher, and served as such until the end of that school year, June 30, 1924. April 12, 1924, appellant took and passed an examination to requalify for teaching service after her resignation. September 8, 1924, she was elected and assigned as a probationary teacher and served the full year, or until June 30, 1925. September 9, 1925, she was again elected and assigned to serve as a probationary teacher and served as such until her "illness in quarantine", from October to December, 1925, which was followed by a leave of absence until March 13, 1926, when she was assigned as *substitute* teacher, serving in such capacity until the end of the school year, June 30, 1926, a total of 112 days for such school year. July 1, 1926, she was again elected and assigned as a *substitute* teacher and served as such a total of 119 days for such school year. July 7, 1927, she was again elected and assigned as a *substitute* teacher and served a total of 164½ days in that school year. May 28, 1928, she was given a probationary contract and served in such capacity for the school year following, or until June 30, 1929. May 16, 1929, appellant was again elected and assigned as a *substitute* teacher, but on September 12, 1929, her contract was changed by said board to that of a *probationary* teacher and she was assigned to serve as such in the Gardena high school, serving for the full year or until June 30, 1930. July 1, 1930, she was given a *probationary* contract, but when she refused a transfer to some school in the metropolitan district as a probationary teacher she took a *substitute* contract so as to be able to teach in such area, serving there for 174⅗ days in the year ending June 30, 1931. Appellant signed a letter prepared in the office of defendant board and dated September 2, 1930, stating that she knew that she "was offered the opportunity of teaching a third year on probation at Gardena high school during the school year 1930–1931", but that she preferred to do substitute work beginning September 2, 1930, "with the understanding that, should I later secure a regular position, I will expect to complete my probationary work by serving at least one additional year as a probationary teacher". May 5, 1932, appellant was discharged by respondents, effective June 30, 1932. No

charges against her were made nor was there a hearing of any kind. August 27, 1932, she was placed "on the High School Reinstatement List, eligible for reinstatement as a teacher in the Los Angeles City High Schools until August 1, 1933". Formal demand was made on respondent board for assignment to duty as a permanent teacher in said district high schools, which demand was refused. Said Board of Education and the positions held by appellant were subject to the provisions of section 1609 of the Political Code, commonly known as the Teachers' Tenure Law, enacted in 1921 and repealed March 28, 1929, when the present School Code went into effect. It also appears that a complete school year consists of approximately 200 teaching days.

■ The sole question involved on this appeal is: Was plaintiff, at the time of her dismissal, a *probationary* teacher, or had she acquired a *permanent* status? If she had, her dismissal without the preferment of charges and a hearing was ineffectual and the lower court's judgment denying her relief was erroneous.

Appellant did not acquire any rights as permanent teacher by reason of her service prior to the adoption of the Teachers' Tenure Law in 1921. (*Owen* v. *Board of Education,* 68 Cal. App. 403 [229 Pac. 881].) Section 1609 of the Political Code as then amended gave boards of education the power and made it their duty to employ substitute, probationary and permanent teachers, and to classify as substitute teachers those persons employed from day to day, to classify as permanent teachers "all persons who have been successfully employed as teachers by the district for *two consecutive school years*" at the time of classification, and to classify as probationary teachers those persons employed as teachers for the school year who have not been classified as permanent. In 1927 such section was amended so as to make the period of service "*for two or three complete consecutive school years*" requisite for permanent classification. The School Code, as adopted in 1929 (sec. 5.500), had a similar requirement. In 1931 said code section was amended to make the time required "*three complete consecutive school years*", and section 5,503 was added, providing that a probationary employee serving for at least seventy-five per cent of the number of school days of the district in which he is

employed "shall be deemed to have served a complete school year".

It is to be observed that under the law and the stipulated facts appellant had acquired the classification of a permanent teacher by serving two consecutive years, viz., the school years of 1921–1922 and 1922–1923, and had started to serve her third year when she resigned on account of ill health. We must assume, under the facts stipulated, that such resignation was accepted by the respondent board as it was authorized to do under section 1609 of the Political Code as it then existed. Having resigned her position and left the system, there would seem to be no question but that appellant was no longer an employee of the district and was not entitled to be classified thereafter as permanent by reason of such prior service, nor until she again entered into contract with the district as a teacher, in which case her future classification would be determined by the nature of the contract or contracts given her and the law applicable thereto. The first contract given her after such resignation as a probationary teacher was that of September 8, 1924. She served the full year thereunder and approximately one month on the second year, when she became ill and was given a leave of absence; and on her return March 15, 1926, she accepted service as a substitute teacher. It will be noted that appellant had not then served two consecutive years as a probationary teacher and had not acquired a permanent status. Then followed a year of service as a substitute teacher, in 1927–1928. The next two school years, 1928–1929 and 1929–1930, were served as a probationary teacher, the last of the two being in the Gardena high school. Respondent board under the law then existing had the discretion, but did not use it, to classify appellant as a permanent teacher. She was offered a probationary contract for the third year in Gardena high school but refused it and accepted instead a contract as a substitute teacher, under which she could and did work in the metropolitan area of the district during such school year. So, notwithstanding the fact that appellant did serve as a probationary teacher during the school year 1931–1932, she had not served three complete consecutive years as such at the time she was discharged, and in our opinion the letter signed by her did not make the

year 1931–1932 complete her permanent status, the law then requiring "three complete *consecutive* years" to acquire such status.

Under the facts of this case there was no error, in our opinion, in the implied finding that appellant was a probationary teacher at the time she was discharged, and that in consequence she was legally discharged without a hearing after charges filed.

Judgment affirmed.

Stephens, P. J., and Craig, J., concurred.