[Civ. No. 9509.   First Appellate District, Division Two.—February 5, 1935.]

WINIFRED BRIGHTMAN, Appellant, v. BOARD OF EDUCATION OF THE CITY OF BERKELEY et al., Respondents.

Lemuel D. Sanderson for Appellant.

Earl Warren, District Attorney, Ralph E. Hoyt, Chief Assistant District Attorney, and Agnes R. Polsdorfer and T. A. Westphal, Jr., Deputies District Attorney, for Respondents.

SPENCE, J.—A petition was filed in the superior court by Georgia Bliss and Winifred Brightman seeking a writ of mandate to compel the respondents to reinstate them and permit them to serve as "permanent teachers". The respondents answered and a trial was had which resulted in a judgment in favor of respondents. An appeal was taken by said petitioners from said judgment but the petitioner Georgia Bliss has since dismissed her appeal, leaving Winifred Brightman as the sole appellant.

The respondent Board of Education of the City of Berkeley constitutes the governing board of both the Berkeley School District and the Berkeley High School District. Said districts are public corporations and the boundaries of each coincide with the boundaries of the city of Berkeley. Appellant's previous service in the Berkeley School District and in the Berkeley High School District will be hereinafter set forth. During the school year 1931–1932 appellant was employed by the Berkeley School District and acted as a traveling teacher of instrumental music for several of the elementary schools of that district. On April 25, 1932, the board adopted a resolution which recited "that economies must be effected wherever possible, and that all employees holding the position of Travelling Teacher of Music be dismissed". Pursuant to said resolution, appellant was duly notified of said dismissal by registered letter mailed on April 29, 1932.

Two main issues were presented to the trial court: First, was appellant at the time of her dismissal a "permanent employee" of either the Berkeley School District or the Berkeley High School District or was she merely a "probationary employee" who might be dismissed under section 5.681 of the School Code; second, if appellant was a "permanent employee", was the dismissal proper under section 5.710 of the School Code relating to dismissals because of the discontinuance of a particular kind of service? The trial court found against appellant on both of these issues and if its findings on either issue may be sustained, the judgment must be affirmed.

In our opinion, the trial court's findings to the effect that appellant was not at the time of her dismissal a "permanent employee" of either the Berkeley School District or the Berkeley High School District but was merely a "probationary employee" of the Berkeley School District were sustained by the evidence. It is conceded that appellant had never been classified as a "permanent employee" in either district and it is therefore necessary to examine the record of her service in order to determine whether she automatically became under the law a "permanent employee" of either district by reason of such service. In so examining the record of her service, her employment by each of said districts must be considered apart from her employment by

the other district. Although said districts were both governed by the Board of Education of the City of Berkeley, they were as separate and distinct entities "as though the two were in separate cities and governed by separate boards". (*McKee* v. *Edgar*, 137 Cal. App. 462 [30 Pac. (2d) 999, 1001] ; *Gould* v. *Santa Ana High School District*, 131 Cal. App. 345 [21 Pac. ·(2d) 623].) ■ It is entirely clear from a reading of section 5.500 of the School Code and the authorities cited that the tenure law relates to "the district" and that the status of "permanent employee" must be acquired in some particular district. It is also clear that successive periods of service in two separate districts cannot be combined for the purpose of computing the length· of service in either district.

■ We need not set out at length appellant's record of service in the Berkeley High School District. Her employment by that district ceased at the end of .the school year 1928–1929. Thereafter she was employed exclusively in the elementary schools of the Berkeley School District and her compensation was paid entirely by that district. Assuming without deciding that appellant's previous service in the Berkeley High School District was such that she might at one time have claimed the status of a "permanent employee" of that district, she nevertheless waived any rights which she might have previously had by virtue of such service when she voluntarily ceased her employment with that district and accepted employment with the Berkeley School District in 1929. (*McKee* v. *Edgar, supra;* see, also, *Montgomery* v. *Board of Education,* 137 Cal. App. 668 [31 Pac. (2d) 243].) We therefore conclude that appellant was not a "permanent employee" of the Berkeley High School District at the time of her dismissal from the Berkeley School District in 1932.

■ Turning now to appellant's service in the Berkeley School District, we find that she was first employed by said district for 74 school days of the first term of the school year 1928–1929. In the second term of that school year, she was employed exclusively by the Berkeley High School District. The record shows that during that year she served in the Berkeley School District for less than 50 per cent of the number of days on which the schools of that district were maintained. Thereafter she was employed by the Berkeley

School District during the school years 1929–1930, 1930–1931 and 1931–1932. She was not reelected for the following school year, but was given notice of dismissal in April, 1932, as above stated.

The sections of the School Code applicable to appellant's service in the Berkeley School District were amended in 1931. Section 5.500 read as follows: "Every employee of a school district of any type or class, who after having been employed by the district for three complete consecutive school years in a position, or positions, requiring certification qualifications, is reelected for the next succeeding school year to a position requiring certification qualifications shall, except as hereinafter otherwise provided, at the commencement of said succeeding school year, be classified as and shall become a permanent employee of the district." Section 5.503 then read: "A probationary employee who in any one school year has served for at least seventy-five per cent of the number of days the schools of the district in which such employee is employed are maintained shall be deemed to have served a complete school year."

Appellant's service in the Berkeley School District during the school year 1928–1929 may not be counted for the purposes under discussion for two reasons. First, appellant did not serve that district for a sufficient number of days during the school year 1928–1929 to constitute a "complete school year" as defined in said section 5.503, and second, she ceased her employment with that district at the end of the first term and accepted employment with the Berkeley High School District for the second term of that year. Therefore the only years which might be counted by appellant toward the acquisition of the status of a "permanent employee" in the Berkeley School District were the years 1929–1930, 1930–1931, 1931–1932. But appellant was not "reelected for the next succeeding school year". (Sec. 5.500.) On the contrary, she was dismissed in April, 1932. We therefore conclude that appellant was not a "permanent employee" but a "probationary employee" of the Berkeley School District at the time of her dismissal, and that her dismissal as such "probationary employee" was authorized by the provisions of section 5.681 of the School Code.

In view of the conclusions above set forth, it appears unnecessary to discuss the second issue raised in the trial court.

But as appellant points to her service over a period of several years in the two districts and apparently questions the good faith of the board in dismissing her in 1932, we may briefly state the situation as it appears from the record before us. The period during which appellant served seems to have been the experimental period for the teaching of instrumental music in the schools. Appellant was authorized by her certificate to teach only the limited subjects of "violin, orchestral music and harmony". At first she and others taught under what was known as the "25 cent plan". During that time she was not employed by either district but was merely allowed to teach groups of pupils at the various schools and was compensated by the payment by each pupil of 25 cents per lesson. Later she was employed by the Berkeley High School District and thereafter by the Berkeley School District and acted as a traveling teacher of instrumental music. It does not appear that the teaching of instrumental music was ever a part of the regular curriculum of the schools of either district during the time which appellant served. The taking of this instruction was optional on the part of the pupils and those who desired to take the lessons were merely permitted to withdraw from their regular classes for the time required. The traveling music teachers did not attend the meetings of the classroom teachers; they did not keep a state teachers' register nor did they turn in attendance records of the pupils instructed by them; they did not grade the pupils as did the classroom teachers and the pupils received no grades on their report cards for this work. When the "25 cent plan" was abandoned and appellant was first employed by the Berkeley High School District, she taught only one-half day per week. Later she was employed one day per week, then three days per week and ultimately on a full-time basis. At the time of appellant's dismissal, the teaching of instrumental music in the elementary schools of the Berkeley School District in which she was teaching was discontinued entirely but such teaching was continued in the junior high schools of the Berkeley High School District under teachers who were regularly assigned to each of such schools and did not travel from school to school. Appellant's real complaint rests in the fact that one or more men teachers of instrumental music, who were

serving in the Berkeley High School District and were retained by that district after appellant's dismissal by the Berkeley School District, had served in the Berkeley High School District for a shorter period of time than appellant had served in both districts. It does not appear, however, that said Board of Education acted other than in good faith for it is reasonable to assume that their experience during this experimental period had led them to believe that the men who were then employed by the Berkeley High School District could more satisfactorily handle the teaching of instrumental music together with the organization of orchestras and bands in the junior high schools than could the women who had been previously employed by the Berkeley High School District.

We have set forth the foregoing facts for the reason that appellant seems to treat the respondents' acts as an unjustifiable assault upon the spirit and letter of the so-called teachers' tenure provisions. We do not so view it. ■ The rights of a "permanent employee" of a school district may be acquired and retained only in the manner and to the extent provided by law. In the present case, it is doubtful whether service of the nature and for the period rendered by appellant for the Berkeley High School District was sufficient under the law prior to the amendment of 1931 to give her the status of a permanent employee in that district at any time. It would have been clearly insufficient under the clarifying language of section 5.503 as amended in 1931 for there was but one year, to wit, the school year 1927–1928, during which appellant served that district for as much as 75 per cent of the number of days that the schools of said district were maintained. In any event, as above indicated, if appellant ever acquired the status of a "permanent employee" of the Berkeley High School District, she waived her rights as such in 1929 when she left the employ of said district and entered the employ of the Berkeley School District. Furthermore, she never acquired the status of a "permanent employee" of the Berkeley School District for the reasons hereinabove set forth.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 4, 1935.

Langdon, J., voted for a hearing.