[Sac. No. 4951. In Bank.—February 28, 1936.]

## IVY S. MERMAN, Appellant, v. CALISTOGA JOINT UNION HIGH SCHOOL DISTRICT et al., Respondents.

Nathan F. Coombs and E. L. Webber for Appellant.

Mervin C. Lernhart, District Attorney, and Wallace Rutherford for Respondents.

LANGDON, J.—Plaintiff sued to restrain defendants from discharging her from a position as teacher in the Calistoga High School, her claim being that she was a permanent teacher with tenure. The lower court gave judgment for defendants and plaintiff appeals.

Plaintiff was first employed by defendant district as a substitute teacher in 1928, and then as a probationary teacher from November 5, 1928, to June 30, 1931. Thereafter the resignations of plaintiff and several other teachers were requested by the board, and plaintiff presented her resignation, which was accepted. Thereafter she reapplied for a position and was elected for the school year 1931–32, and subsequently for the years 1932–33 and 1933–34. On May 4, 1934, she was discharged.

Plaintiff claims that she became a permanent teacher with tenure, and was subject to dismissal only for misconduct, as a result of her continuous teaching from 1928 to 1934. Normally such tenure would be acquired by three years of successive employment. (School Code, secs. 5.500, 5.502.) Plaintiff, however, resigned her position before the requisite period was served. She charges that her resignation was demanded as a condition of reemployment, in pursuance of a policy of the board to circumvent the tenure law. It appears that in 1931, section 5.501 of the School Code was enacted, providing that in a school district with an average daily attendance of less than 850 pupils, the classification of teachers as ''permanent'' after three years should be wholly optional with the trustees. Doubtless the defendants intended to avail themselves of the provisions of this statute, and to avoid any possible carrying over of permanent employees, would have dismissed plaintiff if she had not resigned. Plaintiff has not established any fraud, duress or intent on the part of defendants to defeat the purposes of the law; but in any event, such claims would have been more properly raised at the time her resignation was requested. The record shows that she acquiesced in the request, resigned without protest, and applied for reemployment without asserting any tenure rights. Under these circumstances her resignation must be held to have terminated any prospective permanent status based upon past service. (See *Montgomery* v. *Board of Education*, 137 Cal. App. 668 [31 Pac. (2d) 243].)

The judgment is affirmed.

Shenk, J., Thompson, J., Waste, C. J., and Seawell, J., concurred.