[Civ. No. 3132. Fourth Dist. June 7, 1944.]

RITA FINLEY EVARD, Appellant, v. BOARD OF EDU-
CATION OF THE CITY OF BAKERSFIELD et al.,
Respondents.

Claflin & Chain for Appellant.

Alfred Siemon for Respondents.

MARKS, J.—This is an appeal from a judgment denying plaintiff's petition for a writ of mandate to require defendants to assign plaintiff to a teaching position in the elementary schools of the city of Bakersfield.

Plaintiff had acquired the status of a permanent teacher in the elementary schools of the city of Bakersfield. She was under contract to teach during the school year of 1942-1943. She was married and her husband, a Lieutenant in the United States Army, was stationed at a camp near Mineral Wells, Texas.

Under date of November 23, 1942, she made a request for a leave of absence, effective immediately, to enable her to join her husband in Texas as she believed he was about to be ordered overseas.

On the next day the superintendent of schools wrote plaintiff a letter acknowledging receipt of the request and informing her that it would be placed before the board of education at its next meeting on December 10, 1942. He called her attention to section 28,A, paragraph 8, of the "Rules and Regulations of the Board" providing that "No leaves of absence will be granted, except for illness or other equally grave emergencies, unless the Superintendent of Schools shall have ascertained that a competent substitute, satisfactory to the Board of Education, is available." He further informed her that finding such a substitute by December 10th was very doubtful but that one might be available at the commencement of the second semester on January 18, 1943. The letter concluded: "In the event that I am unable to find a satisfactory substitute a recommendation to the Board that you be released at the close of the first semester, January 15th, 1943, is much more probable."

The board of education passed the following resolution:

"On motion by Mr. West, seconded by Mr. Meagher, it was

ordered that the Board of Education follow the provision set forth in Section 39 of the Rules and Regulations and Section 28,A,8 of the Rules and Regulations, which state in effect that teachers shall not be released from service until a satisfactory substitute has been found and that the Superintendent be authorized to release Roselyn Baumgardt, Rita Evard, Vinetta Laugh, Johannah Long, Betty Kelly and Virginia Hamel in accordance with said sections of the Rules and Regulations of the Board."

Under date of December 14, 1942, plaintiff was informed of the substance of the resolution by a letter which concluded as follows:

"Therefore, your request for leave of absence will be granted if and when a satisfactory substitute can be found.

"Please be assured that every reasonable effort will be made to secure a satisfactory teacher to take your place.

"You will be notified in the event it is possible to grant your leave of absence."

Plaintiff performed her duties as teacher up to and including December 11, 1942, and did not report for duty or teach on December 14th, or thereafter, but left without obtaining a leave of absence. She wrote the superintendent of schools on December 19, 1942, from Mineral Wells, Texas, stating, among other things, that "Thirty-nine Lieutenants were moved away this week, so you see how indefinite things are, and I would certainly like to return to Bakersfield."

Under date of April 21, 1943, plaintiff sent the following telegram to the superintendent of schools:

"I shall return for duty next September or when the next school year starts. My summer address is 412 Sixth Street, Antioch, California, and my present address is Crazy Hotel, Mineral Wells, Texas."

The minutes of a meeting of the board of education held on May 3, 1943, contains the following:

"The case of Rita Evard, a permanent teacher in the Bakersfield City Schools, who left her position without the written consent of the Board as required in School Code Section 5.380 was discussed. On motion by Mr. Drury, seconded by Mrs. Voorhees, the Superintendent was instructed to address a letter to Mrs. Evard asking for her resignation."

Under date of May 5, 1943, the following letter was written to plaintiff:

"At a meeting of the Board of Education held on May 3rd, 1943, the statement of your intent to return to service was read to the Board.

"The Board desires to call your attention to Section 5.380 of the California School Code, which reads as follows:

" 'Should any teacher who is the holder of an educational or life diploma and is employed by a board of school trustees for a specified time, leave the school before the expiration of such time, without the consent of the trustees, in writing, said teacher shall be deemed guilty of unprofessional conduct. The Superintendent of Schools shall report the delinquency of the teacher to the State Board of Education, who are thereupon authorized to suspend said diploma for a period of one year.'

"Under the existing circumstances the Superintendent has been reluctant to file a letter with the State Board of Education as required in School Code Section 5.380, because such action might result in the suspension of your diploma for a period of one year.

"You will appreciate the fact that it is not possible for the Board of Education to permit teachers to leave and return at will.

"The Board of Education believes that inasmuch as you left your position without its written consent, and in violation of School Code Section 5.380, you will consider it your professional obligation to submit your resignation to the Board by return mail. Further action of the Board is pending your immediate reply."

Plaintiff replied to this letter under date of May 12, 1943. She asked reconsideration of her case, stating:

"I realize teachers are not to go and come from their positions at will, but I feel that my case is different as my husband was on foreign orders. I left feeling a substitute could be found, and I did not intend any unprofessional action."

Under date of May 27, 1943, plaintiff was informed that her letter had been submitted to the board of education; that it adhered to the position stated in the letter of May 5th; that as plaintiff left her position without consent and in violation of law she should consider it her professional obligation to submit her resignation.

Under date of July 23, 1943, the following letter was written to plaintiff:

"I have been directed by the Board of Education of the

Bakersfield City Schools to file a statement with the County Board of Education requesting a hearing on your case in accordance with School Code Sections 5.390, 5.391 and 5.396.

"However, as a matter of professional courtesy I have requested the Board's permission to notify you of the Board's action and again suggest to you that your resignation be submitted.

"The request for a hearing will be filed with the County Board of Education in the event that your resignation is not received on or before Wednesday, August 4, 1943."

As no resignation was received from plaintiff, charges were filed against her with the County Board of Education. A hearing was held and under date of September 3, 1943, the action of the County Board was communicated to the executive officer of the Bakersfield City Board of Education in the following letter:

"The following is the action of the Kern County Board of Education at the hearing of the Bakersfield City Schools vs. Rita Finley Evard.

" 'After weighing evidence presented by both parties in the case of the Bakersfield City Schools versus Rita Finley Evard requesting that the County Board revoke the County certificate of Mrs. Evard in accordance with the California School Code, Section 5.396, by a five to nothing vote, the County Board denied the petition.'

"The County Board feels that any disciplinary action against Mrs. Evard should be taken by the Bakersfield City School District as provided for by law."

Under date of September 13, 1943, plaintiff was informed that at a meeting of the Board of Education of the Bakersfield City Schools, held on September 9, 1943, it was decided that as she had broken her tenure by leaving her position contrary to the provisions of section 5.380 of the School Code she was no longer considered an employee of the Bakersfield City School District. Plaintiff presented herself for duty at the commencement of the school term in September, 1943, and demanded that she be assigned a position as teacher. That demand having been refused she brought this action for reinstatement.

It is admitted that plaintiff had tenure in the Bakersfield city schools; that she was employed in the Bakersfield city schools for a specified time and left her position before the expiration of that time without the consent of the trustees

of the district. It follows that she was guilty of unprofessional conduct and was subject to the punishment of having her diploma suspended "for the period of one year." (School Code, § 5.380.) She was also subject to punishment by the county board of education which had power to revoke or suspend her certificate granted by it on proof of unprofessional conduct. (Sch. Code, § 5.390.) Neither section, as in effect at that time, made suspension of the diploma or certificate mandatory.

 Plaintiff argues that as she had permanent tenure in the Bakersfield city schools she could not be refused reemployment at the commencement of the next school year without previous notice of the termination of her tenure by the school board. The same argument is presented in another form. She maintains that defendants are estopped from now claiming that she has forfeited her tenure, because, instead of notifying her that her tenure was forfeited and that she was no longer a permanent teacher in the Bakersfield city schools, they requested her resignation which was a recognition of her permanent status and that there was an existing contract of her employment.

We do not construe the evidence before us as supporting either argument. The letter to plaintiff of May 5, 1943, quoted section 5.380 of the School Code in full. This clearly informed her that leaving her position in the middle of the school year without permission in itself made her guilty of unprofessional conduct and made her liable to suspension of her State credentials for one year. The balance of the letter, as well as other correspondence, should have made it clear to plaintiff that although the city board of education had an understanding sympathy with her desire to be with her husband before he went overseas, it regarded her offense seriously and could not condone it; that the request for her resignation was made because defendants did not want the more serious penalty of suspending her State credentials imposed upon her. We find nothing in any of the letters, when reasonably construed, which should have led plaintiff to believe that her unauthorized and continued absence would be forgiven or that her tenure would be continued. She left her position after her attention had been called to the rules and regulations of the board which prohibited leaves of absence until the superintendent of schools had ascertained that a competent substitute satisfactory to the board of education was

available. In the same letter she was informed of the difficulty of obtaining a satisfactory substitute and that one might be found by January 15, 1943. Disregarding this warning, plaintiff left her position, and by so doing immediately became guilty of unprofessional conduct and subject to the penalties provided therefor. It is difficult to see how any estoppel can be based on any such state of facts.

The important question for decision here is the effect on plaintiff's tenure because of her leaving her position, before the expiration of her contract, without the consent of the board of trustees. The question is answered in the cases of *McKee* v. *Edgar,* 137 Cal.App. 462 [30 P.2d 999], and *Brightman* v. *Board of Education,* 4 Cal.App.2d 394 [41 P.2d 346]. In both cases it is held that a teacher with a permanent status in one school district terminated her tenure in such district when she voluntarily left her employment there, even though she immediately accepted employment in another district under jurisdiction of the same board of education.

Under the rule announced in these cases we must conclude that plaintiff forfeited her tenure in the Bakersfield City School District when she voluntarily ceased her employment with that district without the consent of the school board. The question of her good or bad faith, and the question of her unprofessional conduct, is not necessarily involved here.

Plaintiff argues that in the trial of the charges before the Kern County Board of Education she was found not guilty of unprofessional conduct which is res judicata and decisive of this case. We do not so construe the order of the county board. It merely denied the petition to revoke the county certificate of plaintiff and left disciplinary action to the city board of education. This is very different from finding her not guilty of unprofessional conduct.

As plaintiff voluntarily ceased her employment with the Bakersfield City School District where she had tenure, she voluntarily abandoned her tenure in that district and ceased to be a permanent teacher. (*McKee* v. *Edgar, supra; Brightman* v. *Board of Education, supra.*) As plaintiff was not a permanent employee of the Bakersfield City School District there was no obligation resting on that district to employ her in September, 1943.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.