199 P.2d 998

**BOARD OF EDUCATION OF CITY OF LAS VEGAS v. BOARMAN.**

No. 5124.

Supreme Court of New Mexico.

Nov. 24, 1948.

Noble & Spiess, of Las Vegas, for appellant.

E. R. Cooper, of Las Vegas, and M. A. Otero, of Santa Fe, for appellee.

McGHEE, Justice.

The defendant and appellee was employed as a teacher in the schools of the City of Las Vegas from 1925 to 1941 when she resigned. She was again employed by the plaintiff and appellant as such teacher in September, 1945, and continued in such employment until she was discharged in May, 1947, following notification before the close of school by the school board that it did not desire her services for the ensuing year. We will refer to the parties as they appeared in the trial court.

The defendant claimed that she had acquired tenure as a teacher by reason of her services from 1925 to 1941 and demanded a hearing before the plaintiff board. This demand was refused, whereupon she appealed to the State Board of Education, which conducted a hearing on June 2, 1947, and held that the defendant did have permanent tenure under the New Mexico permanent tenure law, and directed that the plaintiff grant her a hearing.

Thereupon the plaintiff school board filed its complaint seeking a declaratory judgment. After generally reciting the facts, the complaint states:

"7. That an actual controversy has arisen between Plaintiff and Defendant as to the construction of Chapter 125 of the Laws of 1945 and as to whether the period during which Defendant was employed as a teacher in said School District prior to 1941 constitutes the probationary period required by the Teacher Tenure Law of the State of New Mexico, and as to whether a teacher who has resigned her position and is afterwards reemployed is required to reestablish tenure in said school system."

As the defendant was not reemployed until in September, 1945, her status is governed by Chapter 125, Laws of 1945, the material portion of which reads:

"On or before the closing day of school in each school district in the State whether rural, municipal or otherwise, the governing board shall serve written notice upon each classroom teacher certified as qualified to teach in the schools of the State and by it then employed stating whether it desires to continue or discontinue the services of such teacher for the ensuing school year. Notice to discontinue the service of such classroom teacher properly certified and who has served a probationary period of three (3) years and holds a contract for the completion of a fourth year in a particular district shall specify a place and date not less than five (5) days nor more than ten (10) days from the date of mailing such notice at which time said teacher may at his or her discretion appear before the board for a hearing. If the decision of the governing board is not satisfactory to the teacher he or she may appeal to the State Board of Education within ten

(10) days from date of hearing, and should the State Board of Education find alleged causes insufficient for termination of his or her services, said teacher shall be considered employed for the following year under the terms of his or her then existing contract, * * *."

At the time the defendant left the service of the plaintiff in 1941 her rights with respect to the renewal of her teaching contract were contained in Chapter 202, Laws of 1941, under which the right to discontinue her services at the end of a school year regardless of the length of her service, was vested in the plaintiff, subject only to the serving of a notice on or before the closing day of school that her services would be terminated.

Many states have passed teacher tenure statutes and most of them provide that prior service in the district for the number of years fixed as the probationary period gives a teacher tenure, but it will be noted that our statute is silent on this point. A correct determination of the issues involved here depends on whether the applicable statute is prospective only or retroactive as well in its effect.

█ The general rule respecting the operation of statutes was stated by this court in Gallegos v. Atchison, Topeka & Santa Fe Railway Co., 28 N.M. 472, 214 P. 579, 582, as follows:

"The general rule is that statutes are presumed to have only prospective effect. They are not given retroactive or retrospective effect, unless such intention on the part of the Legislature is clearly apparent which cannot otherwise be satisfied." See also Wilson v. New Mexico Lumber & Timber Co., 42 N.M. 438, 81 P.2d 61 and Fulghum v. Madrid, 33 N.M. 303, 265 P. 454.

Montana and California have tenure statutes very much, in legal effect, like our own. In Falligan v. School District, 54 Mont. 177, 169 P. 803, the syllabus states the gist of the opinion and is as follows:

"Laws 1913, c. 76, subc. 8, § 801, providing that after election of any teacher for the second consecutive year such teacher shall be deemed re-elected from year to year unless given notice before the 1st day of May that services will not be required for the ensuing year, does not apply, as regards election for third year, where the act was passed after teacher's election for second year, though before May 1st of that year; as a retroactive effect is not to be given to a statute unless commanded by its context, terms, or manifest purpose."

The material part of the California statute, School Code, Sec. 5.500 reads as follows:

"Every employee of a school district of any type or class, who after having been

employed by the district for three complete consecutive school years in a position or positions requiring certification qualifications, is reelected for the next succeeding school year to a position requiring certification qualifications shall, except as hereinafter otherwise provided, at the commencement of said succeeding school year, be classified as and shall become a permanent employee of the district."

In construing this Act it was held by the District Court of Appeals, Division 2, in Montgomery v. Board of Education of Los Angeles City, 137 Cal.App. 668, 31 P.2d 243, that a teacher did not acquire any rights as a permanent teacher by reason of her service prior to the adoption of the teacher tenure law.

In Merman v. Calistoga Joint Union High School District, 5 Cal.2d 438, 55 P.2d 195, the Supreme Court of California held that where a teacher had been employed for two school years, then resigned and was later employed for a term less than three years that she could not combine the two periods of employment and obtain tenure, and cited Montgomery v. Board of Education, supra, as authority for the holding.

In Freeman v. Medler, 46 N.M. 383, 129 P.2d 342, we construed Chap. 202, Laws of 1941, and held that where the school board had failed to serve notice on a teacher prior to the end of the school year such teacher had been employed for another year by operation of law. It was assumed that the Act was prospective only. The title of the Act is as follows:

"An Act Relating To The Employment And Discharge Of And Contracts With Teachers In The Public Schools Of New Mexico And Amending Section 20 of Chapter 73, Laws Of 1925, And Declaring An Emergency."

In the opinion it is stated [46 N.M. 383, 129 P.2d 344]:

"As the title of the Act indicates, it had reference to the future employment of teachers, and the reference to existing contracts or employment was solely for the purpose of fixing the status of those affected by the act. * * * The statute is not made retroactive merely because it draws upon antecedent facts, or fixes the status of a person for the purpose of its operation. Cox v. Hart, 260 U.S. 427, 43 S.Ct. 154, 67 L.Ed. 332."

█ The title of Chapter 60, Laws of 1943, which Chapter 125, Laws of 1945 amends, is as follows:

"A Bill Relating To The Employment And Discharge And Contracts. With Teachers In The Public Schools Of New Mexico And Amending Section 55-1111 Of The New Mexico Compiled Statutes Of 1941 Being Section 1, Chapter 202 Of The New Mexico Session Laws of 1941."

The title of Chapter 125, Laws of 1945, is as follows:

"An Act To Amend Chapter 60 Of The New Mexico Session Laws Of 1943 (Sec. 55-1111 Supplement To New Mexico Statutes 1941 Annotated) Relating To The Employment And Discharge And Contracts With Teachers In The Public Schools Of New Mexico."

We find nothing in the title of either the 1943 or the 1945 Act to lead us to the conclusion that they are retroactive.

 In our consideration of this case we have been mindful of the fact that the Act in question is remedial in its nature, but settled rules of construction and the Act itself require that we hold it to be prospective in its application and not retroactive. Therefore, the service of the defendant from 1925 to 1941 did not give her the status of a tenure teacher, and her service following her reemployment in 1945 was likewise insufficient to afford her the claimed status.

Our decision in this case is not to be construed as affecting the tenure status of any teacher that may have been acquired under the 1943 Act as it is not involved in this case.

In Stapleton v. Huff, 50 N.M. 208, 173 P.2d 612, the rights of a teacher having tenure under the 1943 Act are determined, but the claim that Stapleton had such status was not disputed.

In view of our disposition of the main question in the case we have not considered the other assignments of error.

The judgment appealed from will be reversed and the case remanded to the District Court with instructions to render judgment in accordance with the views herein expressed, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and COMPTON, JJ., concur.