TEACHERS — TENURE
A teacher does not have tenure in a school district unless the teacher has met the probationary period requirement in such district, and service in other school districts cannot be relied upon in determining whether or not the probationary period requirement has been met. The Attorney General has considered your request for an opinion wherein you ask the following question: "Does a teacher have tenure in a school district in which he has taught but one year when he has more than four years of teaching experience in other school districts?" Title 70 O.S. 6-122 [70-6-122] (1971), as amended by Laws 1972, Ch. 239, 1, provides as follows: "The failure to renew a contract by the board of education of any teacher who has completed three (3) years shall not be effective, and such contract shall be renewed unless there is served on such teacher a written statement by such board containing a statement of causes . . ." The above statute does not specifically state that a teacher, in order to have tenure thereunder, must have completed three years with the school district of the board of education failing to renew the contract or whether the teacher could rely upon service with another school district in order to meet the three-year requirement. The case of Miller v. State, Okl. Cr.,281 P.2d 441, states the following rule regarding construction of statutes: "The object in construing statutes is to ascertain legislative intent. If the language be clear, it is conclusive. When the language of an act is dubious, the Court in construing it will consider the intent of the law." While no authorities could be found construing Oklahoma's teacher tenure law, decisions of other states are persuasive in determining the Legislature's intention by such statute. The Appellate Court of Illinois in the case of Elder v. Board of Education of School District No. 127-1/2, 208 N.E.2d 423, construed the following Illinois statute: "Any teacher who has been employed in any district as a full time teacher for a probationary period of two consecutive school terms shall enter upon contractual continued service . . ." In construing this language, the Court stated: "The purpose of a probationary period under the school code is to give the school board an opportunity to observe and evaluate the teacher's work . . ." While the Illinois statute is undoubtedly clearer than the Oklahoma statute in question, it would seem that the legislative intent in each instance is the same. A similar California statute was construed in the case of Brightman v. Board of Education of City of Berkeley,41 P.2d 346. The language of the statute was as follows: "Every employee of a school district of any type or class who, after having been employed by the district for three complete consecutive school years in a position, or positions, requiring certification qualifications, is reelected for the next succeeding school year to a position requiring certification qualifications shall, except as hereinafter otherwise provided, at the commencement of said succeeding school year be classified as and shall become a permanent employee of the district." In construing this statute the Court stated: "It is entirely clear . . . that the tenure law relates to 'the district' and that the status of 'permanent employee' must be acquired in some particular district. It is also clear that successive periods of service in two separate districts cannot be combined for the purpose of computing the length of service in either district." Both the apparent intention of the Legislature in enacting the teacher tenure statute and the language of Section 70 O.S. 6-122 [70-6-122], point to the relationship of a teacher to a particular board of education. It is, therefore, the opinion of the Attorney General that your question be answered in the negative. A teacher does not have tenure in a school district unless the teacher has met the probationary period requirement in such district, and service in other school districts cannot be relied upon in determining whether or not the probationary period requirement has been met. (Joe C. Lockhart) ** SEE: OPINION NO. 74-172 (1974) **