E. L. BENNETT *vs.* EDMUND W. DYER.

Knox.    Opinion January 25, 1907.

*Contract.  Breach.  Damages.*

In an action to recover damages for breach of contract to purchase the plaintiff's steam laundry business in Camden, the plaintiff claimed as an element of damages that "after he had made a contract for the sale to the defendant of the laundry business he sold the house in which he lived in Camden for the sum of three hundred dollars or more less than it was fairly worth at the time of such sale, intending to move away from Camden because he believed it would be advantageous for the health of one member of his family," and offered to prove " that during the negotiation for the sale of the laundry business and prior to the completion of the contract he informed the defendant that his purpose in making the contract for the sale was so that he could move away from the town, which he desired to do for the reasons above stated, and that to do this he would be obliged to sell the house in which he was living, and gave these as the reasons why he should require the payment of five hundred dollars on account of the purchase before the contract was completed, which sum by agreement was afterwards reduced to two hundred and fifty dollars, and was paid by the defendant to the plaintiff, and that subsequently and after the contract was made, and before the alleged breach, he did sell the house and land for about three hundred dollars less than its fair market value."

The presiding Justice "ruled that notwithstanding the proof of the above facts, any loss sustained by the plaintiff under the circumstances in selling the house and lot, in no way connected with the laundry business, was not approximately caused by the defendant's breach of contract because such loss was not one that would have been contemplated by the defendant, even if informed of the facts as above stated.

*Held :* that the ruling was right, and that nothing appears in the evidence offered which naturally should have led the defendant to contemplate a loss to the plaintiff, in the contemplated sale of his house, the presumption being that the sale of the house would produce its market value.

On exceptions by plaintiff.    Overruled.

Action of assumpsit to recover damages for an alleged breach of a contract to purchase the plaintiff's steam laundry business in Camden, and the property connected therewith.

Tried at the September term, 1906, of the Supreme Judicial Court, Knox County. Plea, the general issue. At the trial, the presiding Justice made a certain ruling in relation to the question of damages, to which ruling the plaintiff took exceptions and the case was sent directly to the Law Court without further proceedings at nisi prius.

The case appears in the opinion.

*Arthur S. Littlefield*, for plaintiff.

*J. H. Montgomery*, for defendant.

SITTING : EMERY, C. J., WHITEHOUSE, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

SAVAGE, J.    Action to recover damages for breach of contract to purchase the plaintiff's steam laundry business in Camden, and the property connected therewith.

At the trial below, in opening, the plaintiff's counsel stated that one of the principal elements of damage which he claimed to recover was "that the plaintiff after he had made a contract for the sale to the defendant of the laundry business sold the house in which he lived in Camden for the sum of three hundred dollars or more less than it was fairly worth at the time of such sale, intending to move away from Camden because he believed it would be advantageous for the health of one member of his family." The presiding Justice then intimated that he did not think such a loss was one which naturally followed from the defendant's breach of the contract, if any, or one that the defendant did contemplate or should have contemplated, and consequently that this loss could not be recovered in this action.    Thereupon the plaintiff offered to prove "that during the negotiations for the sale of the laundry business and prior to the completion of the contract he informed the defendant that his purpose in making the contract for the sale was so that he could move away from the town, which he desired to do for the reasons above

stated, and that to do this he would be obliged to sell the house in which he was then living, and gave these as the reasons why he should require the payment of five hundred dollars on account of the purchase before the contract was completed, — which sum by agreement was afterwards reduced to two hundred and fifty dollars, and was paid by the defendant to the plaintiff, — and that subsequently and after the contract was made, and before the alleged breach, he did sell the house and land for about three hundred dollars less than its fair market value." The counsel also stated that unless this alleged loss was an element of damage recoverable in this action he would not care to proceed to trial.

Thereupon the presiding Justice " ruled that notwithstanding the proof of the above facts, any loss sustained by the plaintiff under the circumstances in selling the house and lot,— in no way connected with the laundry business,— was not approximately caused by the defendant's breach of contract, because such loss was not one that would naturally be expected to follow from such alleged breach, nor would have been contemplated by the defendant, even if informed of the facts as above stated." To this ruling the plaintiff excepted, and the case was brought directly to the Law Court, without further proceeding below, both parties stipulating that if the ruling is sustained, this action, as well as another action by this defendant against this plaintiff to recover back the two hundred and fifty dollars paid on account of the purchase price of the laundry business shall both be entered " neither party, no further action for the same cause ; " and that if the exceptions are sustained, both actions are to stand for trial.

We think the exceptions must be overruled. We do not need to inquire, and do not inquire, what would have been the effect if the seller, in connection with the trade, had informed the purchaser of his intention or purpose in consequence of the trade to do some act which might naturally result in a loss. It is clear that in the case as first stated by counsel there was no connection whatever between the laundry trade and the subsequent sale of the house. Neither the sale of the house nor any loss therefrom could have been contemplated by the defendant. Nor upon the legal theory advanced

by the plaintiff is he aided by the proof offered. What mattered it, if he did say that he would move away from town, to benefit the health of a member of his family, and that he would be obliged to sell his house, and that he gave these as reasons for requiring an advance payment? Nothing was said about the probability of incurring a loss on the sale, and nothing was reasonably to be inferred. The presumption would be that the sale would produce the market value of the house, for aught that appears here. The fact of the intended sale of the house was brought home to the defendant, but nothing which naturally should have led him to contemplate a loss to the plaintiff.

The defendant therefore is not liable for this loss, even if it should be admitted that there was such a connection between the laundry trade and the sale of the house, that he might have been held liable under some circumstances, which question we do not pass upon.

*Exceptions overruled.*
*Action to be entered below,*
*" Neither party, no further action."*