LUCINIA HEATH HOPKINS *vs.* INHABITANTS OF BUCKSPORT.

Hancock.    Opinion December 18, 1920.

*Dismissal of a school teacher under R. S., Chap. 16, Sec. 36, Par. III.   Superintend-
ing School Committee, representing one party only, in dismissing a teacher, must
strictly pursue the authority given them under the statute.   Fitness of the
teacher being conceded, opportunity to demonstrate as to whether her ser-
vices would be unprofitable to the school, must be given to her before she
can be dismissed.   The action of the committee, to be effective,
must, in all cases, be "after due notice and investiga-
tion" within the meaning of the statute.
"Notice" must impart nature of grounds
alleged for dismissal.*

The authority given by R. S., Chap. 16, Sec. 36, Par. III, to a Superintending
School Committee, to vacate a contract, being an authority given to those
who represent one party only, must be strictly pursued according to the pro-
visions of the statute, to have that effect.

The statute in question authorizes the dismissal of a teacher upon two grounds:
Unfitness to teach, and failure of practical success in the work of the school
rendering the teacher's services unprofitable to the school; the first may be
apparent either before or after the work of the school has begun; but failure
of practical success in the work of the school can only become apparent after
the work has actually begun.

The action of the committee in the instant case cannot be sustained.   The fitness
of the plaintiff to teach the school is conceded; she should have had the oppor-
tunity to show practical success in the school work.

Furthermore, the action of the committee can only be taken "after due notice
and investigation."   The statement in the record before the court is insufficient
as notice to the plaintiff of the object of the meeting at which action was taken
dismissing her.

On report.   An action of assumpsit to recover of the town of
Bucksport the sum of five hundred and fifty dollars, which plaintiff,
alleges would have been due her as wages as school teacher under her
contract with defendant for the school year beginning September,
1918, had she not been dismissed by the Superintending School Com-
mittee of defendant town, prior to the time she was to begin her

services under the contract.   The defendant filed the general issue, and a brief statement that the Superintending School Committee of the defendant town had dismissed plaintiff under authority of Chap. 16, Sec. 38 of the Revised Statutes.   It was admitted that plaintiff had the necessary certificate for teaching, and that she had  been engaged by the defendant town to teach school for the school year beginning in September, 1918, at a salary of $550 a year.   During the school year plaintiff received $110 for services as teacher for eleven weeks in her home district.   The cause was tried by the presiding Justice without the intervention of a jury, and after the close of the testimony, by agreement of the parties, the case was reported to the Law Court.   Judgment for the plaintiff for $440 with interest from the date of the writ.

Case stated in the opinion.

*Fellows & Fellows,* for plaintiff.

*W. C. Conary,* for defendant.

SITTING:  CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

MORRILL, J.   It appears in this case that the plaintiff, a teacher of seventeen years experience, was duly employed to teach the West Side Intermediate school in the defendant town for the year beginning in September, 1918, and that before the school opened in September she was dismissed by the Superintending School Committee; that she had the necessary certificate for teaching and was qualified to teach is admitted.   In justification of the action of the committee, the defendant relies upon R. S., Chap. 16, Sec. 38, Par. III which reads as follows:

"Sec. 38.   Superintending school committees shall perform the following duties:  .  .  .  .

III.   After due notice and investigation, they shall dismiss any teacher, although having the requisite certificate, who proves unfit to teach, or whose services they deem unprofitable to the school; and give to said teacher a certificate of dismissal and of the reasons therefor, a copy of which they shall retain, and such dismissal shall not deprive the teacher of compensation for previous services."

The certificate given by the committee to the plaintiff, a copy of which they retained, is as follows:

"Whereas on the 16th day of September A. D. 1918, at a meeting of the Superintending School Committee of the Town of Bucksport, Maine, duly called and held at the office of W. C. Conary in said Bucksport, at 7.30 P. M., and after due notice to Lucinia E. Hopkins, teacher of the West Side Intermediate School, so called, in said Bucksport, that said Committee would meet at above time and place to act upon the advisability of Lucinia E. Hopkins teaching said school, and at which time and place said Lucinia E. Hopkins might present herself and be heard in the matter, if she desired.

Now, therefore, we the undersigned Superintending School Committee having met as above set forth, the said Lucinia E. Hopkins being present at said meeting; and after due investigation and deliberation on the above matter it was, voted:

That the teacher for the West Side Intermediate School, so called, in said Bucksport, Lucinia E. Hopkins, be and hereby is dismissed, as her services in the judgment of said Committee would be unprofitable to said school on account of her admitted associations with a German Alien Enemy of the United States of America, under suspicion and under investigation at this time by the Government.

Dated at an adjourned meeting of said Superintending School Committee, at Bucksport, Maine, this twenty-third day of September A. D. 1918.

W. C. CONARY,

ARCHIE L. WHITE,

Superintending School Committee

Bucksport, Maine,"

Counsel for the defendant contends that the "committee had judicial authority given them by the legislature" and that their proceedings constituted "a judicial deliberation and decision of that committee" which is binding upon the plaintiff.

We think that the defense cannot be sustained. We have not been furnished with the record of the proceedings before the committee, except the certificate above copied. It appears from the testimony of the plaintiff, who was the only witness at the trial below, that in the summer of 1918 she purchased an automobile to enable her to teach in Bucksport, and to return to her home in Verona each night on account of her mother's illness; her husband secured the

services of one Margraf to teach her to run the automobile, and in company with him she drove to Bucksport several times and about Verona; Margraf was a German alien, a near neighbor of the plaintiff and her husband, whom they had known for several years during which he had been coming to Verona in the summer season. The plaintiff testifies that she did not know that Margraf was under suspicion until so informed by a Mr. Wilson, at the hearing, and that she then told him that she did not know it; Mr. Wilson's connection with the affair does not appear. As to admissions by the plaintiff referred to in the certificate, she testifies: "That is all they asked me, if they had seen Mr. Margraf with me in the automobile, and I told them yes, he had taught me to run the automobile." It does not appear that any complaint against, or criticism of, the plaintiff had been lodged with the committee, or that any dissatisfaction with her existed in the community; nor does it appear that Margraf was in fact "a German Alien Enemy of the United States of America, under suspicion and under investigation at this time by the Government," or that the committee had before them any evidence to that effect.

This proceeding is very far from the investigation contemplated by the statute, which constitutes the Superintending School Committee, in the proper exercise of its powers, a tribunal with visitatorial powers. The authority given to the committee, to vacate a contract, being an authority given to those who represent one party only, must be strictly pursued according to the provisions of the statute, to have that effect. *Searsmont* v. *Farwell*, 3 Maine, 450, 453.

The statute in question authorizes the dismissal of a teacher upon two grounds: Unfitness to teach and failure of practical success in the work of the school, rendering the teacher's services unprofitable to the school. It is evident that these causes may run into each other; yet they are substantially distinct. Unfitness to teach, including in that term moral and temperamental unfitness as well as lack of educational training and ability, may be apparent either before or after the actual work of the school has begun; but failure of practical success in the work of the school can only become apparent after the work has begun. The clause, "or whose services they deem unprofitable to the school," is first found in the R. S. of 1841, Chap. 17, Sec. 41, Par. V, in the form, "or whose services are believed by

them to be unprofitable to the school." This cause of dismissal was evidently introduced into the statute, to cover cases frequently arising where from some cause it is apparent, after the school has begun, that the teacher's usefulness has become impaired, and that the good of the school requires the dismissal. Such action in vacating a contract can only be justified as for the good of the school, and should only be taken after notice and "candid" investigation. R. S., 1841, Chap. 17, Sec. 41, Par. V.

It is apparent that the action of the committee cannot be sustained. The fitness of the plaintiff to teach the school is conceded; she should have had the opportunity to show practical success in the school work. The committee acted, in good faith no doubt, not upon actual conditions and results, but in anticipation of what they believed or feared would be future results.

We might well close this opinion here; but another phase of the case is worthy of consideration. The action of the committee can only be taken "after due notice and investigation;" "candid investigation" is the language of the early statute. The only record of the action of the committee, which is before us, shows that the committee met "to act upon the advisability of Lucinia E. Hopkins teaching said school, at which time and place said Lucinia E. Hopkins might present herself and be heard in the matter, if she desired." As notice to the plaintiff of the object of the meeting, such a statement is wholly insufficient; from it she could not know for what reason her dismissal was sought, whether upon the ground of moral unfitness, temperamental unfitness, or lack of educational qualifications; much less whether it was sought on the ground that her services were deemed to be unprofitable to the school. She testifies that she attended the meeting and brought some parties with her; but she was entitled to know in advance on what ground her dismissal was sought. This, so far as the record before us shows, she did not have.

*Judgment for the plaintiff for $440*
*with interest from the date of the*
*writ.*