Henry W. Miller, Jr., Plaintiff-Appellee, Cross-Appellant, v. Board of Education of School District Number 132, Cook County, Illinois, Defendant-Appellant, Cross-Appellee.

Gen. No. 51,900.

First District, Third Division.

July 3, 1968.

Klein, Thorpe, Kasson and Jenkins, of Chicago, (Franklin W. Klein and Newell N. Jenkins, of counsel), for appellant.

Block and Solomon, of Chicago (Milton H. Solomon and Irving L. Block, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiff in this action petitioned for reinstatement as a public school teacher and for damages suffered by reason of his wrongful discharge by the defendant Board of Education of School District Number 132 (hereinafter called the Board). The Circuit Court of Cook County found in plaintiff's favor, ordered his reinstatement and awarded damages in the sum of $25,000. Defendant appeals from that decree.

Defendant contends that plaintiff abandoned his right to reinstatement by failing to report for work when requested to do so by the Board and that the court erred in assessing the amount of damages. The facts follow.

Plaintiff was dismissed from his position as an elementary school teacher on April 15, 1960. He filed suit under the Administrative Review Act, seeking reinstatement. The ensuing litigation has now produced three appeals—Miller v. Board of Education, 37 Ill App2d 451, 186 NE2d 790; Miller v. Board of Education, 51 Ill App2d 20, 200 NE2d 838 (leave to appeal denied) and the instant appeal. In the second appeal this court found that plaintiff had been wrongfully discharged and was entitled to reinstatement. The Supreme Court denied leave to appeal on November 23, 1964, and on November 27, 1964, the Board met in a special evening session for the sole purpose of considering the plaintiff's reinstatement. The Board voted to reemploy plaintiff at a salary of $5,400, the amount he was receiving when discharged in 1960, and thereupon sent him a notice, requesting that he report for work on December 1, 1964. The notice did not state the salary Miller was to receive nor did it describe the position he would be given. Miller's attorney informed the Board by letter that the mandates of the reviewing courts had not yet issued and asked that the plaintiff be granted an extension of time so that he could terminate his temporary appointment with the Chicago Heart Association. It appears from further

correspondence that the parties were unable to agree upon the time or conditions of reemployment, that the negotiations were unproductive and that Miller did not return to work.

On May 19, 1965, plaintiff filed his petition for reinstatement and for damages. Defendant contends that plaintiff waived his rights by failing to report for work and by waiting some five months to file his petition for reinstatement. This matter has now been in litigation eight years. The parties have been recalcitrant, intractible and uncooperative, but they have not slept on their rights. Plaintiff's right to reinstatement was conclusively established by the first four years of litigation and the only remaining question is the amount to which he is entitled by reason of his wrongful discharge.

Defendant charges that the trial court erred in the assessment of damages in the following respects: (1) plaintiff's lost wages should have been based on the amount he was receiving at the date of his dismissal; (2) plaintiff failed to properly mitigate his damages, and (3) plaintiff was not entitled to recover attorney's fees and court reporter's costs.

Proceeding to the first point, defendant argues that the salary of a tenure teacher is determined by the contract tendered to him each year and that the salary remains the same unless an increase is provided. It further contends that under section 10–7 of the School Code, Ill Rev Stats, c 122, § 10–7 (1967), the Board is required to submit each teacher's contract to a yea and nay vote. It further argues that since no contract was tendered to the plaintiff during the period of his discharge and since no vote was taken, his salary remained at $5,400 per year, which would amount to a total of $24,600 for the period. Deducting from that amount the plaintiff's earnings plus the sum which the defendant contends that plaintiff should have earned during that period would leave a balance of $8,329.40.

■ When a teacher serving under contractual continued service is wrongfully dismissed, the trial court is authorized to order reinstatement and to determine the amount for which the Board is liable, including *but not limited to loss of income and costs incurred therein.* Ill Rev Stats, c 122, § 24–12 (1967). Lost wages therefore are one element of the damages, and the amount of such lost wages would be that amount a teacher would normally have received had he not been discharged less the amount he earned or reasonably should have earned in mitigation. Compton v. School Directors of Dist. No. 14, 8 Ill App2d 243, 131 NE2d 544.

■ Minimum salaries for full time public school teachers are set by statute which directs that there shall be taken into consideration educational background and teaching experience. Ill Rev Stats, c 122, § 24–8 (1967). Individual school boards are thereafter free to prepare pay schedules not inconsistent with the statute. Richards v. Board of Education, 21 Ill2d 104, 171 NE2d 37. In the instant case several pay schedules prepared by the defendant school district were accepted in evidence and they provide a basis for determining the salary the plaintiff would have received had he been retained during the period in question. At the time of his discharge he was receiving $5,400 per year. The balance of his salary for the 1959–60 term would have been $1,200. Salary schedules for the following years reflect upward revisions for all salaries and show that if the plaintiff had received the increases shown therein, his salary would have been $7,675 for the 1964–65 term. By applying the schedules in evidence and taking credit for the increases in salary which would have accrued during the period of discharge, the wages lost for the period from April 15, 1960 to February 1, 1966 amounted to $39,887.50. Plaintiff's earnings during the same period totaled $19,136.56, so that his net loss through February 1, 1966 was $20,750.94.

Defendant contends that the Board is not bound to follow the salary schedules and is under no obligation to increase salaries automatically by reason of an employee's additional experience. It contends it has a complete right to determine in each case whether a teacher earned a raise or not, and in no event would a teacher have the right to a higher wage level until a contract had been duly tendered and executed. Following his wrongful discharge, there was no occasion to tender the plaintiff a contract or to submit the terms of his employment to the Board for a vote.

 The question is not what amount the Board offered the plaintiff, but what he could reasonably have expected to receive in the normal course of events. Defendant's district superintendent when called as an adverse witness testified that he had been employed by the Board since 1947 and that he prepared the pay schedules which were submitted to the Board. He did not recall a single instance in which a teacher had been employed by the school district at a rate below that shown in the schedules, and although the Board reserved the right to withhold experience increments, he did not recall any instance in which it took such action. There is no sound basis shown in the evidence for withholding the experience increments plaintiff would normally have received.

 We proceed to consider the Board's contention that the plaintiff failed to properly mitigate his damages. It is argued that he was unemployed for a substantial period of time; that on one occasion he took an eleven week camping trip and that for a total of fifteen months he worked without pay at the Harvey YMCA and the Beverly YMCA as a gymnasium instructor. Plaintiff replied that he sought placement through the University of Illinois and the County Superintendent of Schools; that he wrote to 134 school superintendents in an un-

successful attempt to find a teaching position and at one time was forced to take a job as a laborer in a can factory. He contends that the nature of his discharge and the pending litigation made it impossible for him to find a position in the teaching profession and that the defendant was benefited by his acceptance of other work. The trial court concluded that plaintiff acted with reasonable diligence in attempting to mitigate the damages. The finding is not against the manifest weight of the evidence. Compton v. School Directors of District No. 14, 8 Ill App2d 243, 131 NE2d 544.

 The Board contends that plaintiff is not entitled to attorney's or court reporter's fees as an element of damages. The order of the trial court specifically states that the award in the sum of $25,000 does not include any attorney's fees. Hence the only issue is with respect to court reporter fees. Defendant contends that court costs were not recoverable at common law and therefore can be imposed and recovered only when authorized by statute. Adams v. Silfen, 342 Ill App 415, 96 NE2d 628. The statute in question makes the following provision with respect to damages:

> "If the decision of the board is reversed upon review or appeal, on a motion of either party the trial court shall order reinstatement and shall determine the amount for which the board is liable including *but not limited* to loss of income and costs incurred therein." (Emphasis added.) Ill Rev Stats, c 122, § 24–12 (1967).

The question is whether court reporter fees are included in the definition of "costs" as used in this statute. The law requires that a stenographic record shall be made of dismissal proceedings held by a school district and that the cost of that service is to be borne equally by the teacher and the board. The party requesting a tran-

script must pay for it. Ill Rev Stats, c 122, § 24–12 (1967). Court reporter fees were a necessary expense incurred by the plaintiff and he is entitled to reimbursement therefor. It should be noted that the statute, after prescribing loss of income and costs as damages, provides that damages shall not be limited to such items. Hence some additional damages must have been contemplated by the legislature.

■ Plaintiff has lost wages amounting to $20,750.94 through February 1, 1966. He incurred an additional loss of wages of $1,500 in the period pending the final order of the trial court. He testified he had incurred court reporter fees and other costs amounting to $2,274.-70 through February 25, 1966, resulting in liquidated damages of at least $24,525.64. The small sum of $474.36 is left to be accounted for as other damages. Plaintiff has undergone eight years of litigation which included three appeals to this court and a petition for leave to appeal to the Supreme Court. The damages fixed by the trial court are reasonable under the circumstances to compensate the plaintiff and terminate this action.

[8] The final point to be considered is the plaintiff's cross-appeal for increased damages. Plaintiff contends that he should receive an additional $15,000 as compensation for damages to his professional reputation and for punitive damages. He cites no authority, and we can find none, for imposing such damages in this case. The damages awarded by the trial court were fair and adequate.

Decree affirmed.

DEMPSEY, P. J. and SULLIVAN, J., concur.