Jeanne **FERNALD**

v.

**CITY OF ELLSWORTH SUPERINTEND-
ING SCHOOL COMMITTEE.**

Supreme Judicial Court of Maine.

July 30, 1975.

Silsby, Silsby & Walker, by Herbert T. Silsby, II, Ellsworth, for plaintiff.

Drummond, Wescott & Woodsum, by Hugh G. E. MacMahon, Harry R. Pringle, Portland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

DELAHANTY, Justice.

Defendant School Committee dismissed plaintiff Jeanne Fernald from her tenured position as a music teacher in the Ellsworth Public Schools. Plaintiff, alleging that her dismissal was unfounded and contrary to law, brought an action before the Superior Court (Hancock County) under M.R.Civ.P. 80B. The Superior Court dismissed her action, and she appealed. We deny the appeal.

The following sequence of events led to plaintiff's dismissal. On March 2, 1973, plaintiff wrote a letter to the Superintendent of Schools for her school district:

Dear Supt. Higgins:

This letter is to inform you that I plan to take a one-week leave from school dating from March 26 to March 31. During this time my husband and I will be taking a trip to Jamaica sponsored by the Grand Lodge of the State of Maine. Mrs. B____ M_____ will substitute for me and I am sure my classes will be very capably covered.

On March 8, 1973, the Superintendent answered plaintiff by letter, stating

"[y]our plans to be away from school during the week of March 26 and have your classes covered by a substitute are not approved."

There occurred no further communication between plaintiff and defendant. As March 26, 1973, drew near, it became clear to defendant through various informal channels that plaintiff intended to disregard the disapproval conveyed by the Superintendent's letter of March 8. On Mon-

day morning, March 26, plaintiff was absent from school. She did not appear during the course of that day and did not convey to defendant any message concerning her absence. Plaintiff was absent under similar circumstances on the following day, Tuesday, March 27.

Acting on its belief that plaintiff had embarked for Jamaica and would not return for the duration of the school week, as was in fact the case, defendant undertook disciplinary sanctions against plaintiff, commencing with a notice of suspension issued on March 27, 1973. The notice informed plaintiff that on a certain date a hearing would be held to determine whether plaintiff should be dismissed from her teaching position. Plaintiff was informed of her right to be represented by counsel. A copy of the charge against plaintiff, prepared and signed by the Superintendent, was enclosed with the notice of suspension.

The hearing was held on April 11, 1973. Plaintiff and her counsel were present. The hearing was conducted with careful regard for plaintiff's procedural rights, and plaintiff lacked no opportunity to develop an extended record. All statutory requirements pertaining to the hearing were satisfied.

Pursuant to the hearing, defendant School Committee determined that the charges preferred by the Superintendent were true and that plaintiff's acts in absenting herself from school after she was notified in writing that her plans were disapproved constituted unauthorized absence and insubordination. Defendant concluded that plaintiff was unfit to teach and her services unprofitable to the Ellsworth Schools. On April 24, 1973, defendant issued a certificate of dismissal, discharging plaintiff from her position as a tenured teacher; the discharge was based on each and both of the statutory grounds provided for teacher dismissal under 20 M.R.S.A. § 473(4).

On May 17, 1973, plaintiff duly initiated proceedings under Rule 80B in the Superior Court to test the validity of defendant's act. The Superior Court dismissed her action. Plaintiff's appeal to this Court presents three major questions:

(1) whether the existence of a collective bargaining agreement between the defendant School Committee and the Teachers Association of the District impairs the right of the School Committee on the facts of this case to dismiss plaintiff by statutory proceedings under § 473(4);

(2) what are the standards by which courts of law may review actions of administrative bodies such as school committees under M.R.Civ.P. 80B; and

(3) whether defendant's present dismissal of plaintiff under § 473(4) may be sustained upon its merits as a matter of law.

I. Role of the Collective Bargaining Agreement.

■ At the time of the above described incident there existed between the defendant School Committee and the Teachers Association of the School District a collective bargaining agreement the terms of which purported to govern the rights of teachers. But at the hearing before the School Committee, the trial in Superior Court, and on the present appeal, plaintiff has neither sought arbitration nor requested that the statutory proceedings be stayed pending arbitration. The plaintiff's conduct belies her contention that the collective bargaining agreement provides the exclusive procedural route for teacher dismissal. Rather, plaintiff has attempted to invoke an asserted right to arbitration in the abstract so as to generally void the School Committee's action taken under § 473(4). But it appears that no court has stayed its judicial proceedings or ordered

arbitration without a request from the party seeking relief that the matter be arbitrated. See Annot., 26 A.L.R.3d 604 (1969); Annot., 25 A.L.R.3d 1171 (1969). Here, plaintiff has spurned recourse to her claimed right to arbitration. Therefore, in this instance, we have no need to consider the role of an unexercised right of arbitration, if indeed such right existed.

## II. Scope and Standards of Judicial Review.

In *Wright v. Superintending School Committee*, Me., 331 A.2d 640 (1975), this Court considered a teacher's appeal from a dismissal by the local school committee under § 473(4) in the context of an appeal from an administrative body under M.R.Civ.P. 80B. The *Wright* case suggests a two-fold test for judicial review of a § 473(4) dismissal. 331 A.2d at 646. First, facts found by the school committee will be upheld by the courts if supported by substantial evidence. There should be a causal or reasonable relation of the facts found to the statutory grounds for dismissal. The relationship of the facts to the statute is a matter of evidentiary proof, see 331 A.2d at 647 (concurring opinion), also to be measured, on a Rule 80B appeal, by the substantial evidence test. Secondly, under *Wright*, courts may review the school committee action for error of law. Id. at 646. Such review would include construction of the relevant statutory grounds as a matter of law and would also include, as bases for error of law, such grounds as arbitrariness or abuse of discretion by the school committee. See *Frank v. Assessors of Skowhegan*, Me., 329 A.2d 167, 170 (1974).

In the present case, defendant School Committee found that plaintiff absented herself from school without authority on March 26 and 27, 1973; that she was absent from her teaching stations at that time because she took an unauthorized trip to Jamaica; and that she took said trip despite the fact that her plans to be away from school at the time had been expressly disapproved in writing by the Superintendent of Schools, by his letter to her dated March 8, 1973. An examination of the testimony before the school committee and of the record in this case persuades us that there was substantial evidence to support the school committee in these findings of fact and that they are therefore final.

Whether the facts found by the school committee establish, as a matter of evidentiary proof, that the conduct of the plaintiff was causally or reasonably related to the policy or language of the statute under which plaintiff was dismissed, is here a question of law to be reviewed under our application of the statute to the facts presented. We note, however, that the certificate of dismissal does not·purport to find as fact or to establish by factual argument that the plaintiff's conduct impaired her usefulness as a teacher, or that the good of the school actually required her dismissal. In the present case these omissions are not fatal, because the plaintiff's willfulness and defiance axiomatically establish these points. But it is highly desirable, under the statutory grounds for dismissal, that school committees prove insofar as possible by factual demonstration the deleterious consequences of the alleged teacher misconduct. A failure to prove a relation to the statutory grounds risks misapplying the law to the facts of the case. See *Wright, supra,* 331 A.2d at 646–47; cf. id. at 647–48 (concurring opinion).

## III. Review of the Present Dismissal as a Matter of Law under § 473(4).

20 M.R.S.A. § 473(4) reads, in pertinent part:

After investigation, due notice of hearing, and hearing thereon, they shall dismiss any teacher, although having the requisite certificate, who proves unfit to teach or whose services they deem unprofitable to the school; and give to said

teacher a certificate of dismissal and of the reasons therefor, a copy of which they shall retain. Such dismissal shall not deprive the teacher of compensation for previous services.

Both statutory grounds for dismissal were asserted by the school committee in its certificate of dismissal and both were litigated before the Superior Court.

█ We do not hesitate to hold that the dismissal in the instant case may not be upheld on the grounds of unfitness to teach. The rule in *Wright* is clear beyond peradventure. The facts before us do not show unfitness inasmuch as the alleged misconduct here does not pertain to classroom teaching nor is it a reasonable index of the teacher's future classroom performance. 331 A.2d at 646–47.

Therefore, if plaintiff's dismissal under § 473(4) is to be sustained, it must be sustained by regarding teacher conduct generally characterized as insubordinate, as rendering plaintiff's services "unprofitable" to the school within the meaning of the statute. The statutory language describing "unprofitability" has been construed by this Court as applying to "failure of practical success in the work of the school . . . ." *Hopkins v. Inhabitants of Bucksport*, 119 Me. 437, 440, 111 A. 734, 735 (1920). *Hopkins* further construed the "unprofitability" ground as intended to cover those cases "where from some cause it is apparent . . . that the teacher's usefulness has become impaired, and that the good of the school requires the dismissal." *Id.* at 441, 111 A. at 736.

We perceive our present task as that of applying the legal reference of the statutory language to the teacher's conduct in the present case. Though we discuss such concepts as insubordination and a teacher's attitude, these are legally sufficient here because our concern is whether plaintiff's conduct amounted to a failure of practical success in the work of the school, impairing her usefulness as a teacher, and rendering her services unprofitable for the good of the school. If this is so, and is legally cognizable the dismissal of plaintiff is within the purview of the statute and is fully justifiable.

█ Plaintiff's conduct in the instant case partakes of two separate and distinct elements: First, unauthorized absence from school duties for two days; secondly, an attitude of persistent, willful defiance which amounted to insubordination. We do not say that these are the exclusive necessary elements in order that a teacher's services may be deemed unprofitable under § 473(4). But we do believe that in the circumstances of the present case, the presence of both elements warrants the dismissal of the plaintiff. We lay special emphasis on the persistence of plaintiff's willfulness over the course of a month when she made no effort to accommodate herself or even to discuss her needs, as she understood them, with the school administrators. That plaintiff proposed a substitute to cover her classes during her intended leave of absence cannot legally justify her conduct, since the legal issue before us is the right of the teacher to absent herself from school in the face of explicit disapproval of her plans by proper school authorities. In short, we are not dealing here with a teacher's ephemeral bad mood, minor clerical omission, or arguable negligence or inattention concerning an incidental matter. Rather, plaintiff's conduct has the marks of a persistent, sustained, and unreasonable course of defiance. Such an attitude, over a course of time, breaches harmonious relations among colleagues and administrators. We think that the defendant School Committee was entitled to conclude that plaintiff's usefulness in the school had become impaired and that the good of the school required her dismissal. See *Hopkins*, 119 Me. at 441, 111 A. at 736; cf. *Wright*, 331 A.2d at 647 n. 3. To this end, defendant could properly deem plaintiff's services unprofitable under 20 M.R.S.A. § 473(4).

Such cases as we discern in other jurisdictions tend to support the result we herein reach. None of the teacher dismissal statutes we have examined employs "unprofitability" as a ground for dismissal. Thus the varying language makes these cases inexact precedent; we are content to found our holding on our present statute as construed in our Maine cases. Nevertheless, the outcome of analogous cases, on the facts presented, confirms our decision here.

 For example, where the teacher is willfully and unreasonably defiant, even one unauthorized absence embracing one evening or one event may be sufficiently flagrant to warrant dismissal, though the grounds of dismissal may be labelled unprofessional conduct, neglect of duty, or professional incompetence. See *Yuen v. Board of Education of School District No. U–46*, 77 Ill.App.2d 353, 222 N.E.2d 570, 572 (1966); *Johnson v. United School District Joint School Board*, 201 Pa.Super. 375, 191 A.2d 897, 901 (1963).

Of course, long absences that are unexplained, unrepented, and otherwise unjustified often amount to an abandonment of a teacher's position; dismissal will be upheld on almost any theory of sound administration. See *Evard v. Board of Education of Bakersfield*, 64 Cal.App.2d 745, 149 P.2d 413, 415–16 (1944). Where a teacher, without obtaining permission, absented herself from school for two weeks to attend to personal business, and refused to report to school after the school authorities directed her to do so, the teacher's dismissal for persistent violation of school regulations and for unprofessional conduct was upheld. *Board of Education of Richmond School District v. Mathews*, 149 Cal.App.2d 265, 308 P.2d 449, 450–52 (1957).

The facts concerning plaintiff's willful defiance and insubordination were properly found by the defendant School Committee and were duly incorporated in its certificate of dismissal. We hold such facts to be tenable grounds to dismiss plaintiff under 20 M.R.S.A. § 473(4) as a teacher whose services may be deemed unprofitable to the school. That plaintiff failed to achieve practical success in a discrete context of school life is, on the facts of this case, a glaring and irresistible conclusion. In the wake of plaintiff's conduct come grave doubts among school administrators, recriminations and jealousy among teachers, and an attitude of laxity and self-indulgence, possibly affecting the entire school community. These are consequences which the law does not require school administrators to condone.

The entry must be:

Appeal denied.

Remanded to the Superior Court for entry of final judgment affirming the dismissal of plaintiff under 20 M.R.S.A. § 473(4).

All Justices concurring.