DELORES NEAL, Plaintiff-Appellee, *v.* BOARD OF EDUCATION, SCHOOL DISTRICT NO. 189, Defendant-Appellant.

Fifth District    No. 80-141

Opinion filed February 17, 1981.

Edward Neville, of East St. Louis, for appellant.

Gerald L. Montroy, of Cohn, Carr, Korein, Kunin, Schlichter & Brennan, of East St. Louis, for appellee.

Mr. JUSTICE HARRISON delivered the opinion of the court:

Defendant, Board of Education of School District No. 189 (hereinafter the Board) appeals from an order entered February 20, 1980, by the circuit court of St. Clair County in connection with a petition for rule to show cause and for judgment. The circuit court awarded Neal damages in the form of back pay when the Board failed to reinstate her to a teaching position in the district. (Ill. Rev. Stat. 1979, ch. 122, par. 24—12.) We reverse the circuit court decision.

The issues to be resolved on appeal are these: First, whether, as a matter of law, the trial court erred in holding that defendant had an affirmative duty to reinstate plaintiff; second, whether the plaintiff was entitled to back wages for that time during which she was not reinstated.

The facts are undisputed. Plaintiff, a teacher having continued contractual service with District No. 189, was dismissed by the school board in March 1975. She brought suit, successfully challenging her dismissal. (*Neal v. Board of Education* (1977), 56 Ill. App. 3d 10, 371 N.E.2d 869.) Following that contest, on November 27, 1978, the circuit court ordered her immediate reinstatement and awarded her $26,000 in damages for the school terms from 1975 to 1978. As soon as the order was entered, plaintiff's attorney Montroy drafted a letter notifying defendant that Neal was "ready, willing, and able to continue her teaching position." For its part, the defendant mailed a check for $26,000 in payment of the judgment. Neal received this payment shortly after December 6, 1978. No further communication between the parties occurred until March 1979, when Montroy sent a letter concerning Neal's reinstatement to Robert Rice, an attorney for the school board. Montroy waited for a reply and, when none came, he filed the present petition from which this appeal is taken. (September 27, 1979.) Rice then phoned Montroy on October 11, informing him that the plaintiff must report to the superintendent's office in order to become re-employed. Montroy notified the plaintiff of this by letter the next day. On October 22, she presented herself to the director of personnel, who immediately assigned her to a teaching post in the district.

On January 21, 1980, the petition was heard before the circuit court. In the petition plaintiff charged that defendant had failed to comply with the circuit court order reinstating her as a teacher in the district. She said that she had been available for work from the time of the original order of November 1978, until the day she was directed to report to the superintendent's office in October 1979. She stated further that the school board had an affirmative duty to reinstate her and that she was entitled to damages because they failed to do so. The court held that her petition for rule to show cause was moot because of her October assignment to a teaching position. It found, however, that the school board did have an

affirmative duty to reinstate plaintiff and that it had failed to carry out that duty during the period from November 27, 1978, to October 14, 1979. The court awarded Neal damages in the form of back pay covering the time in question. This appeal followed.

To determine the propriety of plaintiff's damage award we must decide if either Judge Kernan's order of November 27, 1978, or the applicable Illinois statute imposed an affirmative duty on the board. If the duty did exist, then we must decide to what extent the board is financially liable for failing to carry it out.

An examination of section 24—12 of the School Code makes it clear that the circuit court had authority to grant damages and order reinstatement. Appellants do not dispute this. The statute reads in part:

"If a decision of the hearing officer is adjudicated upon review or appeal in favor of the teacher, then the trial court shall order reinstatement and shall determine the amount for which the board is liable including but not limited to loss of income and costs incurred therein." (Ill. Rev. Stat. 1977, ch. 122, par. 24—12.)

In 1979, this section was amended to include another paragraph:

"Any teacher who is reinstated by any hearing or adjudication brought under this Section shall be assigned by the board to a position substantially similar to the one which that teacher held prior to that teacher's suspension or dismissal." Ill. Rev. Stat. 1979, ch. 122, par. 24—12.

■■ Appellee relies on this paragraph to support her contention that section 24—12 specifically placed the responsibility on the Board to contact her. In her brief, by emphasizing the phrase "shall be assigned by the board," she attempts to prove that the Board had a duty to contact her by phone or letter and that this duty originated in the new language of the statute. We feel appellee misplaces the emphasis. A reading of the amended portion of section 24—12 evinces no intent on the part of the legislature to impose such a duty. Instead, it defines with more certainty a remedy granted to a teacher who seeks and wins reinstatement. Its insertion into section 24—12 guarantees that a plaintiff will be reassigned to a position "substantially similar to the one which the teacher held" prior to her dismissal. It insures that the school board cannot offer her a job for which she is clearly ill-suited. For example, the Board cannot offer a clerical position to someone certified to teach in the grade schools. The new provision in section 24—12 is directed at the type and quality of teaching assignment to be offered by the Board. It does not address the issue of "who has the duty to contact whom" to see that such an assignment takes place.

In her brief, Neal also cites *Miller v. Board of Education* (1968), 98 Ill. App. 2d 305, 240 N.E.2d 471. She claims that *Miller* detailed the proper

procedure to be followed when a court orders reinstatement. We feel, however, that *Miller* offers little guidance. Factually, it is distinguishable because Miller pursued his reinstatement claim with diligence. Only 5 months ensued before he filed his petition, and during that 5 months, the parties engaged in constant negotiations. The court remarked that "the parties have been recalcitrant, intractible and uncooperative, but they have not slept on their rights." (98 Ill. App. 2d 305, 308.) On the other hand, Neal allowed 11 months to lapse, making only one attempt through counsel to contact her employer. This distinction aside, *Miller* still cannot stand for the propositions which appellee puts forth. The parties in *Miller* did not face the issue of which one had an affirmative duty to contact the other nor did they discuss under what circumstances damages should or should not be assessed the school district for its role in a reinstatement delay.

■■■ We turn, therefore, to the court order issued by Judge Kernan on November 27, 1978. It reads: "It is ordered that plaintiff be reinstated immediately as a teacher with School District 189." This order did impose a duty on the school board. The Board was required to offer and hold open a teaching position in the school district for Delores Neal. But implicit in this requirement is the understanding that Neal must proceed through the appropriate administrative channels. Experts testified at the January hearing that it was customary for teachers to report to the personnel office for reassignment. Those most experienced with the administration of the school district agreed that teachers expecting a change of placement or a relocation must present themselves to the director of personnel. Thus, while the Board had a duty to reinstate Neal, Neal had a contemporaneous duty to report to the Board. The burden appears to have been shared by both parties. Neal is, therefore, precluded from claiming a financial injury which was as much within her power to remedy as it was within appellant's.

■■ Sound public policy demands that those who claim a right against a government body should press their claims with diligence. To prevent a school district's having to pay double salary, we must require plaintiffs to pursue their rights to reinstatement without delay. Granting a request for damages under the circumstances in this case would drain the district's finances unnecessarily. We therefore hold that the order granting appellee damages in the form of back pay should be reversed.

For the foregoing reasons the judgment of the circuit court of St. Clair County is reversed.

Reversed.

KASSERMAN, P. J., and KARNS, J., concur.